956 F.2d 1171
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Leonard R. KAHN, Petitioner.
 Misc. No. 321.
 United States Court of Appeals, Federal Circuit.
 Jan. 15, 1992.
 
 ON MOTION
 Before CLEVENGER, Circuit Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.
 CLEVENGER, Circuit Judge.
 
 ORDER
 
 1
 Leonard R. Kahn petitions for writ of mandamus to direct the United States District Court for the Southern District of New York to vacate its November 7, 1991 order denying Kahn's motion for Fed.R.Civ.P. 37 sanctions against General Motors Corporation.
 
 
 2
 This matter stems from Kahn's infringement suit against GM in the district court. Kahn argued that GM was abusing the discovery process and filing unnecessary and frivolous motions in an effort to delay the suit. Kahn moved for the "ultimate" sanction of judgment in his favor.
 
 
 3
 On November 7, 1991 the district court denied the motion stating:
 
 
 4
 Plaintiff pro se Kahn moves under Rule 37, F.R.Civ.P., for sanctions. Plaintiff makes clear he is not asking for modest sanctions, such as an order directing compliance with discovery demands, or money sanctions. His motion is only for "the ultimate sanction," apparently meaning the striking of General Motors' answer, to be followed by entry of judgment in plaintiff's favor.
 
 
 5
 The application is denied. Although plaintiff makes conclusory accusations that the defendant has obstructed discovery and frustrated the progress of the action, there is scant demonstration of any conduct deserving of sanctions.
 
 
 6
 (1) Plaintiff complains that General Motors obtained an ex parte judicial stay order. The order in question was years ago. Plaintiff was free to complain of it and seek to vacate it.
 
 
 7
 (2) He complains that General Motors sought summary judgment without justification. Plaintiff also sought summary judgment and the court found his motion unjustified. I cannot say that General Motors' motion for summary judgment was so devoid of arguable merit as to warrant sanctions.
 
 
 8
 (3) Plaintiff complains that some of his questions in depositions were not answered. He cites few examples [footnote omitted]. In some cases, the questions sought a lawyer's legal analysis; in some he seeks to elicit expert opinions from his adversary's fact witnesses. In such cases objection and refusal to answer was probably appropriate. In some cases, notwithstanding the attorney's statement of an objection to make a record, plaintiff received an answer to his question. In other cases, the witness stated under oath that the witness did not know the answer to the question. Although plaintiff challenges the good faith of the answer, he has not demonstrated that it was given obstructively and in bad faith.
 
 
 9
 (4) Plaintiff protests GM's failure to produce a patent application in response to his document demand. GM responds that the application in question is not pertinent in part because it did not come into existence until two years after the initiation of this lawsuit.
 
 
 10
 Plaintiff complains that had he received this file wrapper earlier he could have used it in support of his motion for summary judgment. His argument is puzzling. He received it before the court decided the summary judgment motion. He could have used it, but did not. He can still do so by making a new motion for summary judgment.
 
 
 11
 Plaintiff has failed to show misconduct or obstruction by the defendant of a sort that could justify the extreme sanctions plaintiff seeks.
 
 
 12
 The motion to strike the defendant's answer is denied.
 
 
 13
 Kahn moved for certification of the order pursuant to 28 U.S.C. § 1292(b), which the court denied.
 
 
 14
 Kahn argues here that mandamus is appropriate because GM is attempting to delay the suit until the patent term expires thus preventing Kahn from obtaining injunctive relief and that judgment against GM is appropriate because monetary discovery sanctions are not a meaningful deterrent to a giant company like GM.
 
 
 15
 The remedy of mandamus is a drastic one to be invoked only in extraordinary situations. Will v. United States, 389 U.S. 90, 95 (1967). The party seeking issuance of the writ has the burden of showing that its right to the writ is "clear and indisputable." Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953). In Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 35, 36 (1980), the Supreme Court stated that where a matter is committed to the exercise of discretion of a trial court, it cannot be said that a litigant's right to a particular result is clear and indisputable.
 
 
 16
 The decision whether to impose discovery sanctions rests within the sound discretion of the district court. Ingalls Shipbuilding, Inc. v. U.S., 857 F.2d 1448, 1450 (Fed.Cir.1988). Hence, it can not be said that Kahn's right to issuance is clear and indisputable. Further, to permit review of an interlocutory discovery ruling by way of mandamus would undermine the policy against piecemeal appeals. Allied, 449 U.S. at 36. Kahn may, if appropriate, seek review of the district court's ruling on appeal after final judgment.
 
 
 17
 Accordingly,
 
 IT IS ORDERED THAT:
 
 18
 Kahn's petition is denied.